Dear District Attorney Knoll:
This office is in receipt of your request for an opinion of the Attorney General in regard to the purchase of radar units. You ask whether the Avoyelles Parish Police Jury can purchase radar units for state troopers assigned to Avoyelles Parish from the Criminal Court Fund of the Twelfth Judicial District Court.
This office has recognized generally under R.S. 15:571.11 the expenses to be paid are for court-related expenses. Atty. Gen. Op. Nos. 91-149, 85-661. It was concluded in Atty. Gen. Op. No. 85-319 that radar equipment can be helpful to both judges and the district attorney when being used to catch speeding motorists, and giving presumptive evidence of speeding. Accordingly, it was concluded a district attorney could purchase radar equipment with money from the Criminal Court Fund and loan that equipment to the State Police operating in his district.
This office also concluded that the Richland Parish Police Jury could purchase radar units for the State Police to be used in Richland Parish as a cooperative endeavor between the Police Jury and the State Police. R.S. 33:1324 was quoted wherein it provides for parishes and political subdivision of the state to engage jointly in promotion of any undertaking or exercise of any power, provided at least one of the participants is authorized under law to perform such activity, and there was a finding that a public purpose would inure to the benefit of the residents of Richland Parish with such purchase. Atty. Gen. Op. No. 81-5.
This opinion, however, did not consider the legality of the purchase being made from the Criminal Court Fund, or determine if the Parish Police Jury had a duty to suppress speeding. This office has recognized there must not only be a public purpose served for the donation of public funds to be valid, but also a duty upon the donor to perform the service to be covered by the donation.
In Atty. Gen. Op. No. 91-149 it was observed that R.S. 15:571.11
provides that the disbursement of the Criminal Court Fund be 12% to the district attorney, 12% to the sheriff's general fund, and the remainder "shall be transmitted to the municipality for deposit in its treasury". It was concluded the funds go to the town and are not transferred to the parish police jury unless there is a surplus. The statute provides one-half of any surplus remaining in the special account on December 31 is to be transferred to the parish general fund, and no money could be paid out of the special account except upon order or warrant of the district judge and district attorney. In the opinion it was concluded except for that surplus the payment in question could not be made by the police jury from the Criminal Court Fund.
This conclusion would have to be applied in answer to your inquiry.
We do not find that the constitutional provision against donation of public funds would be violated by this purchase and donation. As noted in the earlier opinion of this office the use of radar is for a public purpose, and in accordance with R.S. 33:1236(28) the police jury is given the authority to regulate traffic and to establish speed limits. Therefore, this would constitute a permissible cooperative endeavor under the constitution.
Therefore, we find the Avoyelles Parish Police Jury can purchase radar units for the state troopers to be used in the Parish from the Criminal Court Fund surplus that is turned over to them.
We hope this sufficiently answers your question, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR